## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANET SAUER AND RUSSELL SAUER,    ) | |
|      Plaintiffs,                 ) | |

JANET SAUER AND RUSSELL SAUER,  )
　　　　Plaintiffs,　　　　　　　)
　　　　　v.　　　　　　　　　　)　**Case No.: 1:12-CV-0713 (GLS/DRH)**
　　　　　　　　　　　　　　　　)
FORSTER & GARBUS, LLP,　　　　)　**COMPLAINT AND DEMAND FOR**
　　　　Defendant.　　　　　　　)　**JURY TRIAL**
＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿)
　　　　　　　　　　　　　　　　)　**(Unlawful Debt Collection Practices)**

## COMPLAINT

JANET SAUER AND RUSSELL SAUER ("Plaintiffs"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against FORSTER & GARBUS, LLP ("Defendant"):

## INTRODUCTION

1.　Plaintiffs' Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2.　Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.　Defendant conducts business and has its headquarters in the State of New York and as such, personal jurisdiction is established.

4.　Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2).

## PARTIES

5.      Plaintiffs are natural persons residing in Leeds, New York.

6.      Plaintiffs are "consumers" as that term is defined by 15 U.S.C. § 1692a(3).

7.      Defendant is a debt collection company with its corporate headquarters located at 60 Motor Parkway, Commack, New York 11725.

8.      Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiffs in an attempt to collect a debt.

9.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10.     At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiffs, related to a credit card issued by Capital One Bank.

11.     The debt arose out of transactions that were primarily for personal, family, or household purposes.

12.     As Plaintiffs have no business debt, the debt sought by Defendant could only have been for personal purposes.

13.     Between January and April of 2012, Defendant regularly contacted Plaintiffs on their home and cellular telephones, with the purpose of harassing them into paying the alleged Capital One debt.

14.     Defendant's harassing collection calls originated from numbers including, but not limited to (866)-514-6949 and (877) 323-3393.  The undersigned has confirmed that these numbers belong to Defendant.

2

15.     Often times, Defendant's collectors, including but not limited to "Ken Franklin", "Abe Brabel" (phonetic), "Tyler Maxwell" and "Tajada" (phonetic) called Plaintiffs multiple times in a single day.

16.     Specifically, Defendant called Plaintiffs at least four times on March 10, 2012, three times on March 12, 2012, three times on March 13, 2012, four times on March 14, 2012 and three times March 16, 2012.

17.     Often times when Mr. or Mrs. Sauer hung up the telephone, Defendant's collectors called Plaintiff(s) back immediately.

18.     As Defendant had conveyed to Plaintiffs on numerous occasions that they owed a debt, it is clear that the purpose of the frequent and persistent telephone calls was not to inform Plaintiffs of their obligation, but to annoy and intimidate Plaintiffs into accepting Defendant's demands.

19.     On many occasions, Defendant's collectors told Plaintiffs that they themselves were "attorneys" and that Plaintiffs needed to pay the debt.

20.     However, upon information and belief, the employees working for Defendant who called Plaintiffs, were not attorneys.

21.     Upon belief and in light of events, it is averred that Defendant permits non-attorney collectors to pose as attorneys on the telephone and/or to give the impression they are attorneys, intending for the consumer-debtor to rely upon that claim.

22.     It is believed the above misrepresentation is made for the purpose of frightening Plaintiffs into fearing an imminent lawsuit and to encourage immediate payment of the debt.

23.     On at least one occasion, in early 2012, Defendant's collector threatened that if Plaintiffs did not make payment, a "lien" would be "put" on Plaintiffs' property.

3

24.    Upon information and belief, as of this date, Defendant has not taken any steps toward placing a lien on Plaintiffs' property, or taking any other legal action against Plaintiffs.

25.    Plaintiff believes that Defendant never intended on taking such action, but merely made such this baseless threat in order to coerce Plaintiffs into making payment.

26.    Defendant's communications with Plaintiffs were harassing, deceptive, abusive and unfair.

**COUNT I**
**DEFENDANT VIOLATED § 1692d OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

27.    Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person, in connection with the collection of a debt.

28.    Defendant violated § 1692d of the FDCPA when it called Plaintiffs repeatedly and continuously, when its collectors told Plaintiffs that they were "attorneys", when it threatened to "put a lien" against Plaintiffs' property, and when it engaged in other harassing and abusive conduct toward Plaintiffs.

**COUNT II**
**DEFENDANT VIOLATED § 1692d(5) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

29.    Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

30.    Defendant violated § 1692d(5) of the FDCPA when it caused Plaintiffs' telephone to ring repeatedly and continuously with the intent to harass or annoy Plaintiffs.

4

1

2

3

**COUNT III**
**DEFENDANT VIOLATED § 1692e OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

4

5

31.    Section 1692e of the FDCPA prohibits debt collectors from using false, deceptive or misleading representation or means in connection with the collection of any debt.

6

7

8

9

32.    Defendant violated § 1692e of the FDCPA when it threatened legal action that it lacked intent to take, when it falsely implied that its collectors were "attorneys", and when it made other false, deceptive or misleading representations.

10

11

12

**COUNT IV**
**DEFENDANT VIOLATED § 1692e(4) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

13

14

33.    Section 1692e(4) of the FDCPA prohibits debt collectors from attaching of any property unless the debt collector intends to do so.

15

16

34.    Defendant violated § 1692e(4) of the FDCPA when it misrepresented that it would "put a lien" on Plaintiffs' home when it did not intend to do so.

17

18

19

**COUNT V**
**DEFENDANT VIOLATED § 1692e(5) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

20

21

22

35.    Section 1692e(5) of the FDCPA prohibits debt collectors from misrepresenting that they will take legal action when they lack intent or ability to do so.

23

24

36.    Defendant violated § 1692e(5) of the FDCPA when it misrepresented that it would take legal action despite not being licensed to do so in Colorado.

25

5

**COUNT VI**
**DEFENDANT VIOLATED § 1692e(10) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

37.     Section 1692e(10) of the FDCPA prohibits debt collectors from using false representations or deceptive means to collect a debt or to obtain information from a consumer.

38.     Defendant violated § 1692e(10) of the FDCPA when its collectors misrepresented that they were "attorneys", when it threatened legal action that it lacked intent to take, and when it made other false, deceptive or misleading representations.

**COUNT VII**
**DEFENDANT VIOLATED § 1692f OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

39.     Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect an alleged debt.

40.     Defendant violated § 1692f of the FDCPA when it called Plaintiffs repeatedly and continuously, when its collectors misrepresented that they were "attorneys", when it threatened to "put a lien" on Plaintiffs' property when it lacked intent to do so, and when it engaged in other unfair or unconscionable conduct.

WHEREFORE, Plaintiffs, JANET SAUER AND RUSSELL SAUER, respectfully prays for a judgment as follows:

      a.   All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

      b.   Statutory damages of $1,000.00 for its violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.  All reasonable attorneys' fees, witness fees, court costs and other litigation

costs incurred by Plaintiffs pursuant to 15 U.S.C. § 1693k(a)(3); and

d.  Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiffs, JANET SAUER AND RUSSELL SAUER, demand a jury trial in this case.

DATED: April 30, 2012

RESPECTFULLY SUBMITTED,

_____

Craig Thor Kimmel
Attorney ID # 2790038
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: 877-788-2864
Email: kimmel@creditlaw.com

7